THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASSANDRA BIDMEAD,

               Plaintiff,

   v.

BENJAMIN BIDMEAD,

               Defendant,

BANK OF AMERICA,

               Garnishee.

CASE NO. C26-1109-JCC

ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant's notice of removal (Dkt. No. 1.) In that notice Defendant contends this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action involves a federal question, namely, Defendant's Fifth Amendment rights. (*See generally* Dkt. No. 1.)

A defendant may remove a case to federal court if the federal court has jurisdiction. 28 U.S.C. § 1441. However, federal courts are courts of limited subject matter jurisdiction and removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564,

ORDER
C26-1109-JCC
PAGE - 1

566 (9th Cir. 1992) (per curiam). A federal court has jurisdiction when diversity or federal question jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists where there is a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint." *Ultramar America Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). Matters raised in a defendant's answer will not create federal question jurisdiction. *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).

Here, it is not at all clear what federal question can be determined from the *face of the complaint*. Thus, Defendant is ORDERED to show cause how 28 U.S.C. § 1331 is satisfied in this instance. He shall submit a brief not to exceed 12 pages (excluding caption and certificate of service) no later than May 15, 2026. Plaintiff and Garnishee may file a response brief (subject to the same page limits) no later than May 29, 2026. Defendant may submit a reply not to exceed 6 pages (excluding the caption and certificate of service) no later than June 10, 2026. If Defendant fails to submit this brief, the Court will remand the matter back to King County Superior Court.

So DATED this 23rd day of April 2026.

Joshua C. Lewis
Clerk of Court

s/Kathleen Albert
Deputy Clerk

ORDER
C26-1109-JCC
PAGE - 2